2019R00574/VD/AF

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| | : | |
| v. | : | Crim. No. 20-690(KSH) |
| | : | |
| | : | |
| ALFRED TEO, SR. | : | 26 U.S.C. § 7201 26 U.S.C. § |
| | : | 7206(1) 18 U.S.C. § 2 |
| | : | |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

**COUNTS ONE THROUGH THREE**
**(Tax Evasion)**

1. At all times relevant to this Indictment:

a. Defendant Alfred Teo, Sr. ("TEO"), who resided in Boca Raton, Florida, was the majority shareholder of a multi-billion dollar plastics manufacturing holding company, Alpha Industries Management, with offices in Lyndhurst, New Jersey, and Pompano Beach, Florida.

b. TEO maintained stock trading accounts (TEO's "Brokerage Accounts") at a brokerage with headquarters in St. Louis, Missouri.

c. Alpha Industries Management was an umbrella company that controlled subsidiary companies that manufactured plastics (hereinafter, together with affiliated entities and subsidiaries, "Alpha").

d. AAST Holdings Corp. ("AAST") was a corporation formed in

Fisher Island, Florida. TEO was the sole shareholder, President, and Director of AAST. AAST was not a subsidiary of Alpha.

e. AAST was organized as a holding company and was established as an S Corporation under the Internal Revenue Code. On its U.S. Income Tax Return for an S Corporation, Form 1120S ("Corporate Tax Return"), AAST used business code 551112, which indicates that the purpose of the business filing taxes is primarily to hold securities.

f. As an S Corporation, AAST was required to make and file annually a Corporate Tax Return, reporting, among other items, its ordinary business income ("net business income"). An S Corporation's net business income as reported on its Corporate Tax Return is determined by subtracting its total deductions — including the costs of any goods sold ("Cost of Goods Sold") — from its total income.

g. An S Corporation does not incur any tax liability for any net business income that it may have earned during a given tax year. Instead, an S Corporation is required to allocate its net business income to its shareholders by issuing each shareholder a Schedule K-1, which is an Internal Revenue Service ("IRS") tax form issued annually for an investment in a shareholder's interests in a company. A Schedule K-1 is used to report each shareholder's portion of the company's earnings, losses, deductions, and credits.

h. When a shareholder in an S Corporation receives a Schedule K-1, the shareholder must report the net business income from Schedule K-1

on the shareholder's U.S. Individual Income Tax Return, Form 1040 ("Personal Tax Return"). Accordingly, AAST was required to allocate all of its net business income to TEO, AAST's sole shareholder, and TEO was required to report AAST's net business income on his Personal Tax Return.

i. The tax laws of the United States require every citizen and resident of the United States who receives income in excess of the minimum filing amount established by law for a particular tax year to make and file annually a Personal Tax Return, wherein a taxpayer reports items including income, deductions, and tax due and owing.

j. A Form 1099 is an informational form generally required to be filed with the IRS to report payments made to an individual or partnership in the course of a trade or business. An individual or partnership is required to report any such payments as "1099 Income."

k. TEO, Alpha, and AAST utilized the tax preparation services of a Certified Public Accountant located in Bergen County, New Jersey (the "Tax Preparer").

2. During the tax years 2016, 2017, and 2018, Alpha transferred funds directly into TEO's Brokerage Accounts. Instead of reporting the funds Alpha sent for the benefit of TEO as income on TEO's Personal Tax Returns, a significant portion of TEO's income from Alpha was recorded as 1099 Income to AAST. Through AAST, TEO engaged in numerous affirmative acts to conceal and attempt to conceal the income he received from Alpha in order to evade income taxes due and owing.

3. According to AAST's Corporate Tax Returns, AAST received 1099 income from Alpha of approximately $27 million, $53 million, and $89 million in 2016, 2017, and 2018, respectively, for a total of approximately $169 million.

4. Alpha did not transfer these amounts to bank accounts controlled by AAST. The money Alpha recorded as 1099 income to AAST was instead money provided for the benefit of TEO and included money that Alpha sent directly to TEO's Brokerage Accounts.

5. Instead of reporting the over approximately $169 million of income from Alpha on his Personal Tax Returns for tax years 2016, 2017, and 2018, and paying taxes on that income, the income was reported on AAST's Corporate Tax Returns for those tax years. TEO then provided false deduction information to the Tax Preparer in order to artificially reduce his income and evade income taxes due and owing.

6. Specifically, in connection with the preparation of AAST's Corporate Tax Returns in 2016, 2017, and 2018, TEO's Tax Preparer provided draft Corporate Tax Returns to TEO for his review. TEO then returned the Corporate Tax Returns to his Tax Preparer with handwritten notes that indicated AAST had tens of millions of dollars of Cost of Goods Sold.

7. After receiving the handwritten Cost of Goods Sold information from TEO, TEO's Tax Preparer submitted AAST's Corporate Tax Returns, which listed Cost of Goods Sold in the amounts of approximately $26,900,198, $51,210,060, and $87,062,212 for 2016, 2017, and 2018, respectively. The

information that TEO provided to the Tax Preparer was nearly identical: approximately $26,900,200, $51,210,060, and $86,900,212 for 2016, 2017, and 2018, respectively. In reality, AAST did not have Cost of Goods Sold of these amounts for these years.

8. By including false Cost of Goods Sold expenses on AAST's Corporate Tax Returns, TEO used AAST to evade tens of millions of dollars of income taxes due and owing. Specifically, TEO reduced AAST's net business income by approximately $165 million for tax years 2016, 2017, and 2018 combined.

9. TEO's Personal Tax Returns for 2016, 2017, and 2018 included AAST's net business income — as reduced by approximately $165 million from the false Cost of Goods Sold expenses — as income to TEO. As a result, TEO understated his income in 2016, 2017, and 2018 by a total of approximately $165 million. This resulted in a tax loss of approximately $10 million, $20 million, and $31 million in 2016, 2017, and 2018, respectively, for a total tax loss of approximately $61 million.

10. For each of the tax years 2016, 2017, and 2018, TEO signed both AAST's Corporate Tax Returns and his Personal Tax Returns, affirming that each was true and accurate, and caused those returns to be filed with the Internal Revenue Service.

11. Between in or around the dates set forth in the table below, in Bergen County, in the District of New Jersey, and elsewhere, defendant

ALFRED TEO, SR.

willfully did attempt to evade and defeat a substantial part of the income tax due and owing to the United States of America for the tax years set forth below, by committing the following affirmative acts, among others: (1) preparing and causing to be prepared, and signing and causing to be signed, false and fraudulent Personal Tax Returns, which were submitted to the Internal Revenue Service; (2) preparing and causing to be prepared, and signing and causing to be signed, false and fraudulent Corporate Tax Returns for AAST Holding Corporation which were submitted to the Internal Revenue Service; and (3) submitting to his Tax Preparer a draft 1120S form with false Cost of Goods Sold expenses; each Personal Tax Return constituting a separate count of this Indictment.

| **Count** | **Evasion Date Range (In or Around)** | **Date TEO Signed (On or About)** | **Date Filed (On or About)** | **Tax Year** | **Approximate Unreported Income** | **Approximate Tax Due & Owing** |
|---|---|---|---|---|---|---|
| One | January 2016 – December 2019 | 11/14/2017 | 11/15/2017 | 2016 | $26 million | $10 million |
| Two | January 2017 – December 2019 | 10/12/2018 | 10/15/2018 | 2017 | $51 million | $20 million |
| Three | January 2018 – December 2019 | 10/14/2019 | 10/15/2019 | 2018 | $87 million | $31 million |

In violation of Title 26, United States Code, Section 7201.

**COUNTS FOUR THROUGH NINE**
**(Making and Subscribing False Tax Returns)**

1. The allegations set forth in Paragraphs 1 through 10 of Counts One through Three of this Indictment are re-alleged as if fully set forth herein.

2. AAST's Corporate Tax Returns for tax years 2016, 2017, and 2018 were not true and correct as to every material matter in that, among other things, TEO caused false Cost of Goods Sold expenses to be included as deductions.

3. TEO signed the AAST Corporate Tax Returns for tax years 2016, 2017, and 2018, and each contained a written declaration that it was signed under penalty of perjury.

4. TEO's Personal Tax Returns for tax years 2016, 2017, and 2018 were not true and correct as to every material matter in that, among other things, TEO underreported and failed to report his true income from Alpha, and he reported a falsely reduced net business income from AAST.

5. TEO signed his Personal Tax Returns for tax years 2016, 2017, and 2018, and each contained a written declaration that it was signed under penalty of perjury.

6. On or about the dates set forth in the table below, in Bergen County, in the District of New Jersey, and elsewhere, defendant

ALFRED TEO, SR.

willfully made and subscribed and filed and caused to be filed with the Internal Revenue Service, the following false Personal Tax Returns and Corporate Tax Returns, for the tax years set forth below, which were verified by a written

declaration that they were made under the penalties of perjury and which TEO did not believe to be true and correct as to every material matter, in that the Corporate Tax Returns for the tax years set forth below reported Cost of Goods Sold expenses that TEO knew were false, and the Personal Tax Returns for the tax years set forth below reported total income that TEO knew to be false.

| Count | Tax Year | Tax Form | Date TEO Signed (On or About) | Date Filed (On or About) | False Statement |
|---|---|---|---|---|---|
| Four | 2016 | AAST's Corporate Tax Return (Form 1120S) | 9/11/2017 | 9/14/2017 | $26,900,198 in Line 2 on Form 1120S (Cost of Goods Sold) |
| Five | 2017 | AAST's Corporate Tax Return (Form 1120S) | 9/12/2018 | 9/14/2018 | $51,210,060 in Line 2 on Form 1120S (Cost of Goods Sold) |
| Six | 2018 | AAST's Corporate Tax Return (Form 1120S) | 9/4/2019 | 9/16/2019 | $87,062,212 in Line 2 on Form 1120S (Cost of Goods Sold) |
| Seven | 2016 | TEO's Personal Tax Return (Form 1040) | 11/14/2017 | 11/15/2017 | $16,542,252 in Line 22 on Form 1040 (Total Income) |
| Eight | 2017 | TEO's Personal Tax Return (Form 1040) | 10/12/2018 | 10/15/2018 | $ 22,211,816 in Line 22 on Form 1040 (Total Income) |
| Nine | 2018 | TEO's Personal Tax Return (Form 1040) | 10/14/2019 | 10/15/2019 | $50,934,557 in Line 6 on Form 1040 (Total Income) |

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL [redacted]

FOREPERSON [redacted]

Craig Carpenito

CRAIG CARPENITO
United States Attorney
District of New Jersey

[redacted]

8/10/2020

[redacted]

CASE NUMBER: 20-690(KSH)

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## ALFRED TEO, SR.

# INDICTMENT FOR

**26 U.S.C. § 7201**
**26 U.S.C. § 7206(1)**
**18 U.S.C. § 2**

[redacted]

**Foreperson** [redacted]


CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

ARI B. FONTECCHIO
VIJAY DEWAN
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
(973) 645-2745