**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

January 26, 2024

*VIA E-MAIL*

Mark Rufolo, Esq.
Stern Kilcullen & Rufolo, LLC
325 Columbia Turnpike
Florham Park, New Jersey 07932

Re: Plea Agreement with Alfred Teo, Sr.
Crim. No. 20-690 (KSH)

Dear Mr. Rufolo:

This letter sets forth the plea agreement between your client, Alfred Teo, Sr. ("TEO"), and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division. The government's offer to enter into this plea agreement will expire on **January 29, 2024 at 5:00 P.M.**, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from TEO to Count Nine of the nine-count Indictment pending under Criminal Number 20-690, which charges TEO with willfully making and subscribing and filing and causing to be filed with the Internal Revenue Service ("IRS") TEO's 2018 Personal Income Tax Return (Form 1040) in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

If TEO enters a guilty plea and is sentenced on this charge to a term of Probation within the range of one to four years (the "Stipulated Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against TEO for filing false personal and corporate tax returns for the 2014 through 2018 tax years. In addition, if TEO fully complies with this agreement, at sentencing, this Office will move to dismiss Counts One through Eight of the Indictment under Criminal Number 20-690.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against TEO even if the applicable statute of limitations period for those charges expires after TEO signs this agreement, and TEO agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, TEO may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), TEO will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 26 U.S.C. § 7206 to which TEO agrees to plead guilty carries a maximum sentence of three years' imprisonment, a term of supervised release of up to one year, and a maximum fine of $100,000. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence imposed on this violation may run consecutively to any other sentence TEO is serving or is ordered to serve.

Pursuant to Rule 11(c)(1)(C), this Office and TEO agree that **a sentence within the Stipulated Range** is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court **must** sentence TEO to a term of probation within the range of one to four years.

Further, in addition to imposing any other penalty on TEO, the sentencing judge as part of the sentence:

(1) will order TEO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order TEO to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order TEO, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) may order TEO to pay the costs of prosecution; and

(5) If TEO violates any of the conditions of supervised release before the expiration of its term, TEO may be sentenced to not more than one years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), TEO agrees to pay restitution to the IRS in the amount of $81,000,000. TEO understands and agrees that this restitution amount does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. TEO agrees that the total amount of restitution reflected in this agreement is based upon the total amount of loss to the IRS for calendar years 2014 through 2018 and shall be paid immediately upon the entry of the judgement of conviction. If the Court orders TEO to pay restitution to the IRS for the failure to pay taxes, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil

assessment. *See* 26 U.S.C. § 6201(a)(4). TEO agrees that he does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment nor TEO's timely payment of restitution will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on TEO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TEO's activities and relevant conduct with respect to this case.

Stipulations

This Office and TEO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes **a sentence within the Stipulated Range**, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, TEO will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any

other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim TEO pursues in an appropriate forum, when permitted by law, that TEO received constitutionally ineffective assistance of counsel.

Immigration Consequences

TEO understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. TEO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. TEO wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. TEO understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, TEO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Forms 870 and 2504 Waivers

Prior to the date of sentencing, TEO shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2014 through 2018; (2) sign and file with the IRS a Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2014 through 2018; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 Waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, TEO agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due

and owing by TEO. With respect to disclosure of the criminal file to the IRS, TEO waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to TEO's tax returns and return information.

Furthermore, TEO agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2014 through 2018 or for any other amounts paid in accordance with this agreement. TEO agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude him from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that TEO received constitutionally ineffective assistance of counsel.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Ari B. Fontecchio
Blake Coppotelli
Assistant U.S. Attorneys

APPROVED:

DESIREE GRACE
Deputy Chief, Criminal Division

I have received this letter from my attorney, Mark Rufolo, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Alfred Teo, Sr.

Date: 1/28/24

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Mark Rufolo, Esq.
Counsel for Defendant

Date: 1/29/2024

Plea Agreement with Alfred Teo Sr. ("TEO")

Schedule A

1. This Office and TEO agree to stipulate to the following facts:

a. During the 2018 tax year, Alpha Industries Management Inc. ("Alpha") and its subsidiary, Sigma Extruding Corp. ("Sigma"), transferred approximately $89,000,000 for the benefit of TEO and recorded it as Internal Revenue Service ("IRS") Form 1099 income on AAST's 2018 corporate 1120S tax return.

b. Instead of reporting the approximately $89,000,000 in income from Alpha and Sigma on his personal tax returns for the 2018 tax year, as Chapter S flow through income from AAST, Teo falsely classified approximately $87,062,212 as deductible "cost of goods sold" expenses on AAST's 2018 corporate 1120S tax returns.

c. In reality, AAST did not have these "cost of goods sold." By including false "cost of goods sold" expenses on AAST's 2018 corporate tax return, TEO underreported approximately $31,000,000 in taxes that would have been owed by TEO on his 2018 personal tax return.

d. Specifically, TEO's personal tax return for 2018 should have included AAST's net business income. However, AAST's net business income for 2018 was fraudulently reduced by the false "cost of goods sold" expenses. As a result, TEO intentionally understated his income in 2018 and caused a total tax loss to the IRS of approximately $31 million.

e. For the 2018 tax year, TEO signed both AAST's corporate tax returns and his personal tax returns, falsely affirming that each was true and accurate, and caused those false returns to be filed with the Internal Revenue Service.